PROVIDED TO HARDEE CORRECTIONAL INSTITUTION
ON 7-16-24   DCF _____ FOR MAILING
INMATE LEGAL MAIL

JUL 29 2024 PM12:17
FILED - USDC - FLMD - JAX

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_Middle_ District of _FLorida_

_Jacksonville_ Division

| | |
|---|---|
| _Byron Andrews_ B06604 | ) Case No. _3:24-cv-755-MMH-SJH_ |
| Plaintiff(s) | ) (to be filled in by the Clerk's Office) |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |
| –v– | ) |
| _LT. Bradley M. McKinney_ | ) |
| Defendant(s) | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Byron Andrews |
| All other names by which you have been known: | Drew, Eli |
| ID Number | B06604 |
| Current Institution | Hardee Correctional insititution |
| Address | 6901 State Road 62 |
| | Bowling Green        FL        33834-9505 |
| | *City*        *State*        *Zip Code* |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Bradley M. Mckinney |
| Job or Title *(if known)* | Lieutenant |
| Shield Number | Unknown |
| Employer | FLorida Department of Correction |
| Address | 501 South calhound street |
| | Tallahassee        FL        32399 |
| | *City*        *State*        *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Assit. warden Bennett |
| Job or Title *(if known)* | Assistant warden of FLorida state Prison |
| Shield Number | Unknown |
| Employer | FLorida Department of Correction |
| Address | 501 South calhound street |
| | Tallahassee        FL        32399 |
| | *City*        *State*        *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name      _Laura owens - MCcou_ ~~McCoy~~
    Job or Title *(if known)*      Team Member
    Shield Number      unknown
    Employer      FLorida department of Correction
    Address      501 S. calhound st
               Tallahassee    FL    32399
                   *City*      *State*      *Zip Code*
            [✓] Individual capacity    [✓] Official capacity

Defendant No. 4
    Name      Julie D. Beighley - MJ051
    Job or Title *(if known)*      Team member
    Shield Number      unknown
    Employer      FLorida department of Correction
    Address      501 S. calhound st
               Tallahassee    FL    32399
                   *City*      *State*      *Zip Code*
            [✓] Individual capacity    [✓] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     [ ] Federal officials (a *Bivens* claim)

     [✓] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

I claim violation of my 8th Amendment right, Crue and Unusual Punishment; Also I claim violation of my 14th Amendment right of Due Process

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? N/A

*N/A*

> D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.  *See Attachment Pages 1-2*

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. *~ See attachments ~ Pages 3-8*

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*N/A*

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.  *See Attachment Page-9*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____  *See Attachment Page-9*

D.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

_____  *See Attachment Page-10*

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. The injuries I recive as an result of defendants action were, 1 Being deprived of my liberty, and property for 3 days while placed on strip, ~~2~~ 2 Violation of Procedural due Process. 3 Being placed in solitary confinment for 20 days. 4 Having to remain on C.M. 1-close management for an additional 90 days by review board

_See Attachment Page-11_

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims. Granting Plaintiff a declearation that the action and or omission of the defendants described herein Violated his 8th and 14th Amendment right of the U.S.C and as A result is intitle to compensation for the damages he has suffered

_See Attachment Page-11_

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FLorida state Prison, Main unit

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

I filed the grievances at Florida State Prison

2.    What did you claim in your grievance?

That I was place on strip base on a falsifyed Disciplinary report.

3.    What was the result, if any? The informal grievanc was denied. the formal grievance Appeal was not responed to. and the grievance to to tallahassee, FL was denied.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*
After my formal grievance was not responced to in the allowed time. frame I then Appeal to the Secretary of florida Department of Correction. Mentioning in it the time, date and location of when the formal grievance was filed.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

*N/A*

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*N/A*

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. *The grievance and appeal procedural at florida state prison and Florida department of Correction as a whole is broken and does not work. ~~~~~~~~~~ grievance a routinly not process and or discarded.*

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

*N/A*

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)  _____ N/A _____
    Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3.  Docket or index number
    _____

4.  Name of Judge assigned to your case
    _____

5.  Approximate date of filing lawsuit
    _____

6.  Is the case still pending?

    ☐ Yes    N/A

    ☐ No

    If no, give the approximate date of disposition.  _____ N/A _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____ N/A _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? Yes

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.     If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)     Byron Andrews
     Defendant(s)     Sgt. Cicone

2.   Court *(if federal court, name the district; if state court, name the county and State)*

                                                              Jacksonville, Division.
     In the united States District Court Middle District of, FL

3.   Docket or index number     N/A

4.   Name of Judge assigned to your case. Joel B. Toomey - Magistrate Judge/
     Marcia Morales Howard.

5.   Approximate date of filing lawsuit
         January 17, 2023   Amened march 21, 2023

6.   Is the case still pending?
     ☑ Yes
     ☐ No
     If no, give the approximate date of disposition          N/A

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

                    N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        7-16-24

Signature of Plaintiff

Printed Name of Plaintiff        Byron Andreus

Prison Identification #        B06604

Prison Address        Hardee correctional institution
                                Bowling Green        FL        33834
                                *City*        *State*        *Zip Code*

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

                                *City*        *State*        *Zip Code*

Telephone Number

E-mail Address

How each defendant acted.
Under the color of law

Defendant-1,- LT. Brandly M. McKinney acting under the color of law did violate Plaintiff 8th Amendment right of the U.S.C by unjustifably placing him on property restriction and depriveing him of his clothing, bed linen, and mattress for 72-hours based on a falsified disciplinary report. In violation of Florida department of Correction Chapter-33.601.800 which states: Items of clothing, bedding or personal property shall be removed in order to prevent an inmate from inflicting injury to himself or others, to prevent the destruction of property or equipment, or prevent inmates from impeding security staff from accomplishing fuctions essential to the unit and insititutional security.
Rhodes V Chapman U.S. 337, 346, (1981)
Farmer V. Brennan, 511 U.S. 825, (1994)
Willison V. Seiter 501, U.S 294 (1991)

Defendant-2, Aissistant Warden Bennett acting under the color of law did violate Plaintiff 8th Amendment right of the U.S.C by instructing Defendant-1 LT Bradly McKinney to place Plaintiff on property restriction without proper cause and was the direct causation of the violation. of Plantiff 8th Amendment right of the U.S.C.
Rhodes V. Chapman U.S. 337, 346, (1981)
Farmer V. Brennan 511 U.S. 825 (1994)
Wilison V. Seiter 501, U.S. 294 (1991)

I call camera as proof pursuant to (F.D.O.C) Chapter-33.602.033 (1) (2)(3) (2) (h) (4) (J) for the time, dates, and location listed on the attachment Page 9 of this complaint.

Defendant-3, Laura Owens acting under the color of law did Violate Plaintiff's 14th ~~Amendment~~ right under the U.S.C. By falsly imprisoning and depriving Plaintiff of liberty and due process by not allowing him to appear at disciplinary hearing, or call witness enter evidence, or have a fair and impartial decision maker at the hearing.

Ayers V. Ryan, 152, F.3d 77 (2d cir 1998)
Taylor V. rodriguez, 238 F. 3d 188 (2d cir 2001)
Hatch V. District of columbia 184 F. 3d 846 (D.C. cir 1998)
Also in Violation of F.D.o.C Chapter, - 33-601.308

Defendant-4, Julie D. Beighley acting under the color of law did Violate Plaintiff 14th Amendement right under the U.S.C. By falsly imprisoning and depriving ~~~~ Plaintiff of liberty and process Protected under the 14th Amendment of the U.S.C. by not allowing him to appear at disciplinary hearing, or call witness enter evidence, or have a fair and impartial decision maker at the hearing.

Ayers V. Ryan, 152 F.3d 77 (2d cir 1998)
Taylor V. Rodriguez, 238 F. 3d 188 (2d cir 2001)
Hatch V. District of columbia 184, F 3d 846 (D.C. cir 1998)
Also in Violation of F.D.o.C Chapter, · 33-601.308

<u>Violation of Federal rights Protected</u>
<u>Under the</u> ▓▓ U.S. Constitution
by state offical

## Claim-one[1]

Plaintiff Claims Violation of his 8th Amendment right of the U.S.C-Cruel and unusual Punishment and laids claims against Defendant-1, ▓▓▓▓▓ L.T. Brandly M. McKinney. and Defendant-2- ▓▓▓ Assistant warden Bennett naming both as Co-Defendants.

### How defendant-1 was Personally involved in the wrongful act

[1] Acting with deliberate indifference Defendant-1, L.T. B. McKinney working as a shifth supervisor was fully aware of Florida department of Correction rules and regulation Chapter-33-601.800 which States that: inmates Items of ▓▓▓ clothing, bedding or Personal Property Shall be removed in order to Prevent inmates from inflicting injury to himself or others, destructions of ▓▓ State Property or impeding Security staff from accomplishing fuctions essential to the unit Security. Plaintiff did not display any ▓▓▓ behavior or committ any action that ▓▓▓ required that he be Placed on strip status. L.T. McKinney deliberately choce to Violate F.D.o.C Chap-33-601.800 and Placed Plaintiff on strip status. with the intent to inflict Pain or serious body disconfront to Plaintiff as ▓▓▓ Punishment ● for not having his bed Properly made

2 In the disciplinary report filed by L.T. ~~McKinney~~ McKinney
against Plaintiff reff. log# 205-231502 L.T. McKinney
falsly states in writing that "AT approximatly 1325
hours on June 13, 2023 while assigened as shift OIC,
I observed inmate Byron Andrews had his State
issued mattress on the cell floor, Blanket was covering
his cell window and State issued blues Shirt was
wrapped around his head. I order inmate Byron Andrews
to bring is cell into compliance to which he refused
Inmate Andrews was Placed on Property restriction. as
a result of his action."

3 On the time ~~and~~ date, and location ~~listed~~ listed in
disciplinary report reff log# 205-231502. audio recording/
Video survallance will show and Prove that L.T. McKinney
Statements are false. L.T. McKinney never issued
Plaintiff a verbal order to bring his cell into compliance.
by way of audio recording microphone Station directly
Outside of Plaintiff Cell-J-1224 L.T. McKinney Can
Clearly be heard Saying to Plaintiff. "The only resone
I'm Placing you on Strip is because Assit warden
Bennett told me to do So. Just befor Plaintiff
Submitts to hand restraints removed from his cell ~~and~~
and Placed on Strip Status ~ Inmate Property was also
removed from his cell including bed mattress.      -
L.T. McKinney was the ~~direct~~ direct cause of the violation
of Plaintiff 8th Amendment Consititutional right.

Page 4

4

As a result of L.T. Mckinney's actions Plaintiff was Placed on strip for 72-hours ~~and~~ and deprived of his liberty, Property and consequetly Placed in Solitary confinement for a 20-days. The falsifyed report also factored into the reviwe board decision of Chosing to have Plaintiff remain on C.M.1-status Solitary isolation for an additional 90-days.

This incident was witness by Sgt. E. Duncan who was Prexent when Plaintiff was Placed on Strip

<u>How defendant-two was Personally</u>
<u>~~.......~~ involved in the wrongful Act</u>

5

On the same date, time, and location listed in disciplinary report reff. log# 205-231502. Defendant-2. ~~........~~ Assit. ~~warden Bennett~~ Played a Critical role in violating Plaintiff's 8th Amendment right of the U.S.C Cruel and unusual Punishment when instructing Defendant-1 L.T. Mckinney to Place Plaintiff on strip. As the Assit. warden of Florida state Prison Mr. Bennett was fully aware of F.D.O.C Chapter,-33-601.800 Procedure for Placing inmates on strip, ~~.......~~ and showed deliberate ~~.........~~ indifference to Plaintiff whom did not display any behavior or committ any action that would require that he be Placed on strip when instructing Defendant-1 L.T. Mckinney to Place him on strip status. with the intent ~~to.......~~ inflict Pain or Serious disconfrent

6. Audio recording/video surveillance taken earlier in the morning of the same date, and location mention in Disciplinary report. 205-231502 will show Assit. Warden Bennett standing befor Plaintiff's Cell door -J1224 and saying to Plaintiff he was going to place Plaintiff on strip if he did not make his bed correctly befor going on to order 3 to 4 other inmates inside of J-Dorm to be placed on strip as well. Sgt. E. Duncan was present at the time and witness the action of both Defendant -1 B. Mckinney and Defendant-2 Assit warden Bennett

7. As a result of Assit Warden Bennett action of ordering Defendant-1 B. Mckinney to place Plaintiff on strip. Plaintiff was placed on strip status for 72-hours deprived of his property and liberty and consequently placed in solitary confinement for 20 days. the falsifyed disciplinary also factor into the reviwes board decision of chosing to have Plantiff remain in isolation cell - C.M. 1-Close Management for an additional 90-days.

Page 6

## Claim - two²

The (PLAR) allowes prisoner who files a 1983 lawsuit to play multiple claims against multiple defendants for consititional violation steming from the same incident. - Plaintiff claims violation of is 14th Amendment right of the U.S.C. under false imprisonment deprivation of liberty and property without due process and laids this claim against both Defendant-3, Laura owens and Defendant-4 Julie D. Belighley. To be named as Co-Defendants.

### How Defendants-1 and 2 were both Personally involved in the wrongful act

1 On the date of the Disciplinary hearing 6-21-23 steming from the falsifyed disciplinary report written by Defendant-1 L.T. R. Mckinney on the date of 6-13-23. audio recording/video survallance inside of J-Dormitory will show Plaintiff being taken out of his cell-J1224 and placed inside of the dorm shower to await disciplinary team to arrive and conduct the hearing on the charging information written in disciplinary report. After several hours of waiting for team members to arrive Plaintiff was taken out of the shower and placed back into cell-J1224 by Sgt. E. Duncan after Disciplinary team failed to arrive. to conduct the hearing. Planiff never ask to be placed back inside his cell or refused to pertisipate in the hearing.

2   As stated in disciplinary report - Hearing information
(reff log# 205-231502) ~~blacked out~~
Both Defendant-3, Laura owens and Defendant-4, Julie D.
Beighley finds Plaintiff guilty of violating Code 0061
Based on all information Provided to the team to
include officers written statement that inmate Andrews
refused orders to bring his cell into compliance.
and sentence him to 20-days in confinement.

3   Because Plaintiff was found guilty of violating code
0061-Disobeying verbal order without being given the
opportunity to be present at Disciplinary hearing. stands
as a direct violation of his 14th Amendment right.- Procedural
due process. Plaintiff was denied the right to present
evidence or call witness at hearing. Video survallance/audio
recording enter as evidence by Plaintiff was not heard by
disciplinary team.

4   As a result of defendant-1 and Defendant-2 actions
Plaintiff was sentence to 20-days of solitary confinement/
false imprisonment. The guilty verdic also factor into the
review board decision in chosing to let Plaintiff
remain in isolation on C.M-1 for an additnal
90-days.

5   Both defendants-1 and 2 were fully aware of ~~blacked out~~ F.D.o.c Ch-33

6   and deliberly chose to act with indifference to Plaintiff
by ~~sentencing him~~ to 20-days confinement and was the
direct cause of Plaintiff consitutional right being violated.

Page 8

<u>When and where the events<br>
giving rise to my claim arose</u>

1. The events giving rise to my claim arose at Florida State Prison main unit inside of J-Dormitory Cell-1224 on the Second floor.

<u>What date and approximate<br>
time the events giving rise to my claim occured</u>

1. The events giving rise to my first claim against Defendants-1 and Defendant-2 occured on the date of 6-13-23 at approximatly ~~at approximatly~~ 7:00 A.m until 2:00. P.M To include defendant # 2 Assit warden Bennett Standing befor my cell door and directing Defendant-1 LT. Mckinney to Place ~~on~~ Plaintiff on strip until around 2:00. P.m when LT. Mckinney Showed up Several hours later to Place Plaintiff on strip.

2. The events giving rise to my Second claim ~~of~~ against defendants-3 and 4 on the date of 6-21-23 at approximatly 6:00 A.m untill 12:00. Noon. To include the time when Plaintiff was taken out of his cell ~~until~~ until being Placed back inside of his cell

## The underlying facts
## of my claim

A The underlying facts of my claims are This: on the date of 5-16-24 Sometime during the earily morning hours Aissistant warden Bennett approches my cell door and instructs me to make-up my bed the correct way. I then explain to him that I cannot make-up my bed correctly because I do not have a Pillow case. He then saids That he will take all of my Property if I dont do what he saids. B He then goes on to say not to worrie about it and calls out my cell# ● to LT. McKinney who is present in the dorm at the time and instructs him to place me on Property restrition C At around 1:30 P.M later in the day LT. McKinny comes to my cell door ● and tells me to submitt to hand restreints to which I comply to. D I then ask LT. McKinney why am I being Placed in handcuffs to which he replys because the told be to Place you on Property restriction. E Sgt. E. Ducan was present during both ● incounters and witness this incident occur. F Later on the date of 6-21-23 Sometime after brakfest was Served to the dorm. an unidentifyed Male officer comes to my cell and takes me out to the shower area to wait for the diseiplinary team to arrive in order to conduct the disciplinary hearing ～～～～～ G After Several hours of waiting in the Shower the next work shifth begans and ● Sgt. E. Ducan arrives ● and comes to take me out of the shower and places me back into my cell after the disciplinary team fails to arrive H Days later I was taken to the confinement unit where I learn that I had been found guilty of violating code 0061. All of my claims can be verified by audio/video recording and Sgt. E. Ducan.

Page 10

## Injuries

I've also sustain physeal injuries as a result of having been demived of my sleeping mattress AS I was forced to sleep on a steel bunk that lead to me having neck injuries, which I recived medical treatment for.

## Belife

1. I ask that the court ~~to~~ Secure all ~~the~~ audio recording/ Video Survallance footage ~~███████████~~ ~~███████~~ of the time and dates listed on attachment Page-9, from Florida State Prison Main unit of J-Dorm

2. Plaintiff Seeks Compensation damages in the amount of $500,000 dollars

3. Plaintiff seeks Punitive damages in the amount of $1,000,000 dollars

4. Plaintiff also Seek recovery of the coast of this suit in filing fee's and any other relief this court deems equtible.

Byron Andrews D06604

Page 11