UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

       Plaintiff,

v.                                                    Case No. 3:24-cv-755-MMH-SJH

BRADLEY M. MCKINNEY, et al.,

       Defendants.

_____

## ORDER

Plaintiff Byron Andrews, an inmate of the Florida penal system, initiated this action on July 16, 2024, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983. Andrews names as Defendants: (1) Lieutenant Bradley M. McKinney, (2) Assistant Warden Bennett, (3) Laura Owens, and (4) Julie D. Beighley. Id. at 2–3. He alleges that Lieutenant McKinney and Assistant Warden Bennett violated the Eighth Amendment when they placed him on property restriction based on a "falsified disciplinary report." Id. at 12. Andrews also contends that Owens and Beighley violated the Fourteenth Amendment when they failed to provide him with due process related to the disciplinary report. Id. at 13.

Andrews's factual allegations are far from clear. However, from what the Court can discern, Andrews alleges that on or about June 13, 2023, Assistant

Warden Bennett approached his cell and ordered him to make his bed "the correct way." Id. at 21. Andrews responded that he was unable to make his bed correctly because he did not have a pillowcase. Id. According to Andrews, Assistant Warden Bennett then instructed Lieutenant McKinney to place him on property restriction. Id. Andrews asserts that Lieutenant McKinney falsified a disciplinary report based on the incident, stating the following:

> [O]n June 13, 2023, while assigned as shift OIC, I observed inmate Byron Andrews had his state issued mattress on the cell floor, blanket was covering his cell window and state issued blues shirt was wrapped around his head. I order [sic] inmate Byron Andrews to bring is [sic] cell into compliance to which he refused[.]

Id. at 15. Andrews contends that Lieutenant McKinney never directed him to bring his cell into compliance, id., and he never "display[ed] any behavior or commit[ed] any action that required that he be placed on strip status," id. at 14.

Andrews further alleges that on June 21, 2023, an officer took him to the shower area to wait for a disciplinary hearing based on the above report. Id. at 21. However, the hearing did not occur, and after several hours, another officer returned Andrews to his cell. Id. "Days later, [Andrews] was taken to the confinement unit where [he] learn[ed] that [he] had been found guilty of violating code 0061." Id. He asserts that he was sentenced to 20 days in solitary confinement. Id. at 17, 19. In addition, Andrews maintains that the

2

disciplinary report factored into the review board's decision to have him remain on close management for an additional 90 days. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint

---

[1] Andrews requests to proceed as a pauper. See Motion (Doc. 2).

"fails to state a claim on which relief may be granted," the language of the

PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

and therefore courts apply the same standard in both contexts.[2] Mitchell v.

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517

F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1)

the defendant deprived him of a right secured under the United States

Constitution or federal law, and (2) such deprivation occurred under color of

state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v.

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v.

Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under

Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show

"an affirmative causal connection between the official's acts or omissions and

the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397,

401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306

n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only

contain "a short and plain statement of the claim showing that the pleader is

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration

omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Andrews's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Andrews's Complaint is subject to dismissal pursuant to the Court's screening obligation. First, Andrews asserts that Sergeant McKinney and Assistant Warden Bennett unlawfully placed him on 72-hour property restriction in violation of the Eighth Amendment. See Complaint at 12. To state a claim that his conditions of confinement violated the Eighth

6

Amendment, Andrews must allege that Defendants were deliberately indifferent to conditions that were "sufficiently serious." <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1288 (11th Cir. 2004).

> First, of course, the plaintiff must demonstrate, as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" <u>Id.</u>[3] at 834, 114 S.Ct. 1970 (citation omitted).
>
> Second, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law," <u>id.</u> at 839, 114 S.Ct. 1970, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." <u>Id.</u> at 844–45, 114 S.Ct. 1970.

<u>Wade v. McDade</u>, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (enumeration omitted).

Andrews's allegations regarding his 72-hour property restriction do not plausibly suggest an unconstitutional deprivation. Although he asserts that he did not have clothing, bed linen, or a mattress, such allegations amount to mere discomfort and fail to suggest that his conditions posed an unreasonable risk of serious injury to his future health or safety.[4] <u>See</u> <u>Woodson v. Whitehead</u>, 673

---

[3] <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

[4] Notably, the incident occurred in June 2023 at Florida State Prison. <u>See</u> Complaint at 20.

F. App'x 931, 932 (11th Cir. 2016)[5] (per curiam) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison conditions that create a substantial risk of serious harm."); O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016) (finding that the prisoner did not allege sufficient facts to suggest that the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks). And insofar as Andrews contends the false disciplinary report violated the Eighth Amendment, a false charge, by itself, does not state a constitutional claim. See, e.g., Feaster v. Bowers, No. 5:23-CV-310-TKW-MJF, 2024 WL 1515701, at *2 (N.D. Fla. Mar. 11, 2024)[6] (finding plaintiff's claim that defendant falsely stated in a written document that he saw plaintiff batter another inmate did not rise to the level of a plausible Eighth Amendment violation), report and recommendation adopted, (N.D. Fla. Apr. 8, 2024); Hall v. Samuels, No. 2:23-CV-414-JES-NPM, 2023 WL 5302328, at *3 (M.D. Fla. Aug. 17, 2023) ("[T]the filing of a false

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[6] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

disciplinary charge, standing alone, does not state a constitutional claim."). As such, Andrews's Eighth Amendment claim against Sergeant McKinney and Assistant Warden Bennett is due to be dismissed.

Next, Andrews alleges that Owens and Beighley denied him a disciplinary hearing in violation of the Fourteenth Amendment. See Complaint at 13. The Court initially notes that Andrews fails to plead any facts connecting Owens and Beighley to the alleged violation. Indeed, it is unclear exactly what roles they played in the disciplinary process. Regardless, Andrews fails to state a claim for relief. The Supreme Court has identified two circumstances in which a prisoner may be further deprived of liberty such that due process is required: (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court"; and (2) "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby v. Siegelman, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). In these two instances, a prisoner is entitled to advanced written notice of the charges, a written statement by the factfinders detailing the evidence relied on and the reasons for the disciplinary action, and an opportunity to call witnesses and present documentary evidence at a disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974).

Here, Andrews has not alleged a deprivation of a constitutionally protected liberty interest. Although he asserts that he was sentenced to twenty days in solitary confinement, "he has not alleged that the conditions of such confinement presented 'the type of atypical, significant deprivation' that creates a liberty interest." <u>Allen v. Sec'y, Fla. Dep't of Corr.</u>, 578 F. App'x 836, 839 (11th Cir. 2014) (per curiam); <u>see also</u> <u>Sandin</u>, 515 U.S. at 486 (finding 30 days in disciplinary segregation did not trigger due process protections where the conditions of disciplinary segregation were not significantly different from the conditions outside disciplinary segregation). As to the extension of his close management status, he similarly fails to allege "any facts showing (or that could be liberally construed to show) that he was confined in harsher conditions than inmates in administrative confinement or close management I status generally." <u>Mathews v. Moss</u>, 506 F. App'x 981, 984 (11th Cir. 2013) (per curiam). Based on the above, the claim against Owens and Beighley is due to be dismissed.

Therefore, it is now **ORDERED:**

1.    This case is **DISMISSED without prejudice**.

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of December, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 11/15
c:    Byron Andrews, #B06604